UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-127-01T |
| | ) | |
| JOHN F. ROBINSON | ) | |

DEFENDANT'S OBJECTION TO PRESENTENCE REPORT

Now comes John Robinson, the Defendant in the above captioned matter, and makes the following objections to the presentence report.

Mr. Robinson objects to the probation officer's determination that he qualifies as a career offender under §4B1.1 of the sentencing guidelines. PSR ¶ 20. Specifically, Mr. Robinson asserts that his 1992 conviction for breaking and entering (#P2/92-0702A) does not constitute a crime of violence for the purposes of determining career offender status.

Section 4B1.1 of the sentencing guidelines provide that a defendant is a career offender if he commits a crime of violence or controlled substance offense, is at least eighteen years old and "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G §4B1.1(a)(3). The designation as a career offender in Mr. Robinson's case raises his offense level from twenty two to thirty two, and his adjusted offense level from nineteen to twenty nine. This raises the advisory guideline range in his case from sixty three to seventy eight months to one hundred fifty one to one hundred eighty eight months.

In this case, the PSR identifies two of Mr. Robinson's prior convictions as crimes of violence. PSR ¶¶ 20, 29 and 34. The case identified in paragraph 29 is a conviction for breaking and entering. This conviction does not qualify as a crime of violence.

The Supreme Court has discussed the method for determining whether a conviction qualifies as a crime of violence under the ACCA in *United States v. Taylor*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005).[1] Under the sentencing guidelines, the crime of breaking and

[1] The same analysis applies here under the guidelines despite the fact that the ACCA designation is a stautory mandatory sentence and career offender designation is pursuant to the adviosory sentencing guidelines.

entering qualifies as a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person of another" U.S.S.G §4B1.1, comment.(n.1)

The Supreme Court declared a categorical approach for this determination, allowing the sentencing court to consider the charged statute, the indictment or charging paper, jury instructions, plea agreements, the plea colloquy, and any specific facts found by the court with respect to the prior conviction. *See Shepard*, 125 S. Ct. at 1263 (conviction based on a guilty plea); *Taylor*, 495 U.S. at 602 (conviction after jury trial).

Mr. Robinson asserts that the information before this court is insufficient to designate him as a career.

Respectfully submitted
John Robinson
By his attorney,

/s/ Mary S. McElroy
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281 (401) 528-4285 Fax
mary_mcelroy@fd.org

**CERTIFICATION**

I hereby certify that I mailed a copy of this motion by electronic notification to Zechariah Chafee, Assistant United States Attorney and Kristin Mattias, USPO on March 22, 2007.

/s/ Mary S. McElroy