UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-127-01T |
| | ) | |
| JOHN ROBINSON | ) | |

---

# DEFENDANT'S SENTENCING MEMORANDUM

## I. Introduction

Mr. Robinson respectfully submits this memorandum to assist the Court in determining a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of sentencing. 18 U.S.C. § 3553(a) (2005). Additionally, Mr. Robinson submits this memorandum in support of his Motion for Sentencing Consideration advocating for a sentence outside of the suggested range. The Court is required to sentence a defendant below the advisory guideline range if such a sentence is sufficient to achieve the purposes of sentencing. *Id.* Mr Robinson requests that the Court consider imposing a sentence of one hundred twenty (120) months of incarceration along with a period of supervised release. The proposed sentence adequately addresses society's needs of punishment and deterrence, as well as Mr. Robinson's acute need for rehabilitation, without being longer than necessary.

## II. Procedural Background

Providence Police arrested Mr. Robinson on October 9, 2006. He waived his Miranda rights and admitted that he had robbed the bank and used the money to buy drugs. Mr. Robinson was indicted by a Federal Grand Jury on November 8, 2006. On January 10, 2007 he appeared before the Honorable Ernest C. Torres, Senior U.S. District Judge, and pled guilty to the indictment with charged him with bank robbery.

III. Sentencing Considerations

A. General

In determining the appropriate sentence for a criminal defendant, the Court is bound to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). The statute requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentence available, the need to avoid unwarranted sentencing disparity, the need to provide restitution, and the suggested guideline range. 18 U.S.C. § 3553(a)(1), (a)(3)-(7). The primary sentencing mandate of § 3553(a) directs the sentencing court to impose the minimally-sufficient sentence to achieve the statutory purposes of punishment—justice, deterrence, incapacitation, and rehabilitation: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." 18 U.S.C. § 3553(a) (emphasis added).[1] This provision, the so called "parsimony provision", is the umbrella under which all other sentencing factors and considerations fall. It represents the ultimate goal of sentencing and reflects the maximum sentence that a court may impose. *United States v. Denardi*, 892 F.2d 269, 276-77 (3rd Cir. 1989) (Becker, J., concurring in part, dissenting in part).

The United States Supreme Court decision in *U.S. v. Booker*, 543 U.S. 220 (2005) rendered the Federal Sentencing Guidelines advisory rather than mandatory. Instead of being bound by the Sentencing Guidelines, *Booker* now "requires a court to consider Guideline ranges, . . . but permits the court to tailor the sentence in light of other statutory concerns as well, see §3553(a)." *Id* at 245-246. Although no longer mandatory, the Federal Sentencing Guidelines are still a factor that the court must consider in making the ultimate determination of the appropriate sentence to impose in any criminal case.

---

The statute provides, in pertinent part, that

"the court consider the need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

© to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"

18 U.S.C. § 3553(a)(2) (2005).

The post *Booker* sentencing process mandated by the first Circuit requires the district court Judge to first consult the guidelines - calculating the appropriate range and to then decide whether or not to exercise discretion and sentence outside of the guideline range, *United States v. Jimenez-Beltre, 440 F.3d 514, 518-519 (1st Cir. 2006); United States v. Thurston, 456 F.3d 211, 215 (1st Cir. 2006).*

The defendant respectfully requests that this Honorable Court impose a sentence below the advisory guideline range.

B. Personal Background

Mr. Robinson was born on October 1, 1967. During most of his childhood he lived with his mother, father and his younger brother. He was raised for the first nine years of his life in Providence, RI. The neighborhood in which he lived was close knit and was also home to many family members and friends.

When he was nine years old his parents bought a home in a predominantly white neighborhood in East Providence. Although Mr. Robinson acknowledges that this move was for a better home in a nicer neighborhood, the move created problems in his young life. From a school and neighborhood that was filled with family, friends and other African American families, Mr. Robinson went to an environment where he was the only black child. He reports that he was often teased or the brunt of jokes or cruel comments by other children.

Several years after this move to East Providence, Mr. Robinson's life began to change. The changes were subtle at first. He began experimenting with alcohol at age 13. His parents began having financial difficulties and indeed at some point his father was injured and out of work for several years. The family lost cars to repossession and eventually the family home. During his teenage years Mr. Robinson moved with his mother and younger brother to an apartment. His parents were separated for several years.

Prior to this separation of his parents, Mr. Robinson began to clash with his father. Their difficulties increased and on several occasions Mr. Robinson's father kicked him out of the house. The first time was when Mr. Robinson was about fourteen years old. During these periods of time he lived with an aunt in Providence and took a bus to high school in East Providence every day.

What he did not know at the time was that his father was struggling with his own addiction. He was addicted to cocaine. After his parent's separated, Mr. Robinson's father sought substance abuse treatment and has been clean for many years. Mr. Robinson did not have any mental health counseling to help him cope with these issues.

Although he had been experimenting with alcohol, marijuana and at age 17 cocaine, Mr. Robinson managed to stay in school and graduated from East Providence High School in June of 1986. Mr. Robinson's problems with the law began when he began smoking crack cocaine. His life, as he describes it, spiraled out of control at that point. The last fifteen years of his life have been marked by arrests and jail sentences.

Unfortunately Mr. Robinson has not been able to overcome his substance abuse problems. In 2001 he sought help on his own from Butler Hospital. He had cash because he had been working and feared that he would use it all on smoking crack cocaine. He wished to stop and took a bus to Butler Hospital where he was admitted for a short time. Because they did not have an inpatient program to address cocaine addiction, he was discharged after only 24 hours. Unfortunately this lead to further drug use and his arrest and incarceration.

His problems with controlled substances have overwhelmed Mr. Robinson's adult life. He has not been able to maintain sobriety and has not therefore been able to remain out of trouble with the law. He has often been homeless, and some of the breaking and entering charges on his record arose from his entry into unoccupied buildings to find shelter. Mr. Robinson's substance abuse has led to estrangement from his family.

C. Nature of the Offence

One of the factors that the Court must consider in sentencing Mr. Robinson is "the need for the sentence imposed ...to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." Bank robbery is clearly a serious offense which carries up to 20 years in prison.

In this case the robbery involved a note. Although bank robberies always contain the potential for violence, there was nothing in this robbery to indicate that any heightened risk of violence. There was no gun and no threat of a gun. Mr. Robinson fled immediately upon receiving

the money from the teller.

D. Deterrence and the Need to Provide Education or Vocational Training

The other important factors that the court must consider in determining an appropriate sentence for Mr. Robinson are deterrence of future criminal activity both my this defendant and by others and the need to provide for his educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. §3553. A sentence of ten years in federal prison is severe enough to impress on Mr. Robinson and others that the crime of bank robbery is serious and carries harsh penalties. No additional deterrent effect would be realized by sentencing him to a longer sentence.

The best way to protect the public from further crimes of the defendant is to afford Mr. Robinson adequate drug treatment. Accordingly Mr. Robinson would request that this court recommend him for the intensive drug treatment program. The probation office can continue drug treatment for Mr. Robinson once he is on supervised release.

IV. The Minimally-Sufficient Sentence

Through *Booker*, 18 U.S.C. § 3553(a)'s parsimony provision imposes a statutory cap on sentences, regardless of what is recommended under the sentencing guidelines: the sentence must be "sufficient, but not greater than necessary" to achieve the purposes of punishment. Mr. Robinson has proposed a sentence of one hundred twenty months in prison which is sufficient to achieve the goals of deterrence, incapacitation, and rehabilitation. That term of incarceration will adequately address both deterrence and incapacitation.

The most important consideration for the Court here should be Mr. Robinson's prospective rehabilitation. He has an acute substance abuse problem.. The proposed sentence range will provide ample time for Mr. Robinson to address this problem. Successful rehabilitation will also lessen Mr. Robinson's potential to re-offend and help ensure his future as a productive member of society.

In determining the minimally-sufficient sentence, the Court must basically ask whether a more severe sentence would achieve <u>greater</u> justice, deterrence, incapacitation, or rehabilitation. The sentencing guidelines combine only two elements when calculating the advisory range: the offense and the defendant's criminal record. That suggested sentencing range does not include any

consideration of Mr. Robinson individually as required by § 3553(a)(1) (individual's unique background and characteristics). The Court must not apply the advisory guideline sentence in any kind of general or presumptive manner. The facts and circumstances present here, taken as a whole, warrant a sentence below the advisory range.

V. Conclusion

For all of these reasons, the Court should impose a sentence within of 120 months of incarceration with a period of supervised release and conditions including substance abuse treatment.

Respectfully Submitted
John Robinson,
By and through his counsel

Mary S. McElroy, 4830
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4281
kevin_fitzgerald@fd.org

**CERTIFICATION**

I hereby certify that a copy of this motion was delivered by hand-delivery to Zechariah Chafee, Assistant United States Attorney and Kristin Mattias, USPO on April 6, 2007